**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF TEXAS

Case number *(if known)* _____   Chapter __11__

☐ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          4/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | SQLC Senior Living Center at Corpus Christi, Inc. d/b/a Mirador |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 26-1778912 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **5857 Timbergate Dr.**<br>**Corpus Christi, TX 78414**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Nueces**<br>County | **Location of principal assets, if different from principal place of business** |
| | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.miradorretirement.com** |

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor  **SQLC Senior Living Center at Corpus Christi, Inc. d/b/a Mirador**
_____
Name

Case number (*if known*) _____

**7. Describe debtor's business**

A. *Check one:*

■ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply*

■ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
___6233___

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | | | | |
|---|---|---|---|---|
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

■ No

☐ Yes.

| | | |
|---|---|---|
| Debtor _____ | Relationship _____ |
| District _____ | When _____ | Case number, if known _____ |

Debtor    **SQLC Senior Living Center at Corpus Christi, Inc. d/b/a Mirador**

Case number (*if known*) _____

_____
Name

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

  **Why does the property need immediate attention?** (*Check all that apply.*)

  - ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

  - ☐ It needs to be physically secured or protected from the weather.
  - ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
  - ☐ Other _____

  **Where is the property?** _____

           Number, Street, City, State & ZIP Code

  **Is the property insured?**

  - ☐ No
  - ☐ Yes.   Insurance agency _____

           Contact name _____

           Phone _____

---

### ▮ Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ■ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ■ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **SQLC Senior Living Center at Corpus Christi, Inc. d/b/a Mirador** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    February 8, 2019

X _____        **Louis E. Robichaux IV**
Signature of authorized representative of debtor        Printed name

Title    **Chief Restructuring Officer**

---

**18. Signature of attorney**    X    */s/ Demetra L. Liggins*        Date    02/08/19
Signature of attorney for debtor        MM / DD / YYYY

**Demetra L. Liggins**
Printed name

**Thompson & Knight LLP**
Firm name

**811 Main St.**
**Suite 2500**
**Houston, TX 77002**
Number, Street, City, State & ZIP Code

Contact phone    **713-654-8111**        Email address    **demetra.liggins@tklaw.com**

**24026844**
Bar number and State

## OFFICER'S CERTIFICATE

The undersigned, the Chief Restructuring Officer of SQLC Senior Living Center at Corpus Christi, Inc. d/b/a Mirador (the "Debtor"), does hereby certify the following as of the date hereof:

(a) attached as **Annex A** hereto is a true, correct and complete copy of the resolutions adopted by the Debtor on February 8, 2019 (the "Debtor Resolutions") in accordance with the terms of the Debtor's bylaws;

(b) attached as **Annex B** hereto is a true, correct and complete copy of the resolutions adopted by Senior Quality Lifestyles Corporation ("SQLC"), the Debtor's sole member, on February 8, 2019 (the "SQLC Resolutions", and together with the Debtor Resolutions, the "Resolutions") in accordance with the terms of SQLC's bylaws; and

(c) such Resolutions have not been amended, modified or rescinded since adopted, and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned has cause this certificate to be executed as of the date first set forth above.

Executed this 8th day of February, 2019

By: _____

Name: Louis E. Robichaux IV
Title: Chief Restructuring Officer

525296.000003 21912392.1

**<u>Annex A</u>**

**<u>Debtor Resolutions</u>**

# SQLC SENIOR LIVING CENTER AT CORPUS CHRISTI, INC.

## CONSENT OF DIRECTORS
## IN LIEU OF SPECIAL MEETING

———————————

We, the undersigned, being at least a majority of the persons serving as members of the Board of Directors (the "Board") of SQLC Senior Living Center at Corpus Christi, Inc., a Texas nonprofit corporation (the "Company"), do hereby waive any and all requirements for the calling, giving notice of and holding of a special meeting of the Board of the Company and do hereby consent, pursuant to Section 22.220 of the Texas Business Organizations Code, to the adoption of the following resolutions:

WHEREAS, it has been proposed that the Company enter into an Agreement of Purchase and Sale (the "**Stalking Horse Purchase Agreement**") by and among the Company, and Methodist Retirement Communities, Inc. or its subsidiaries, affiliates or assignees (the "**Stalking Horse**"), which provides for, among other things, a process pursuant to which the Stalking Horse intends to purchase interests in a continuing care retirement community commonly known as "Mirador" consisting of (a) 41 licensed and Medicare-certified skilled nursing beds, (b) 125 independent living units and (c) 44 assisting living units, 18 memory-support (dementia care) units, together with related common areas (collectively referred to as the "**Facility**"), which Facility is located on land (the "**Land**") located in Nueces County, Texas and commonly known as 5857 Timbergate Drive, Corpus Christi, Texas and other assets related thereto (as defined in the Stalking Horse Purchase Agreement) (the "**Purchased Assets**");

WHEREAS, in connection with the Stalking Horse Purchase Agreement, it is proposed that the Company (i) file a voluntary petition (the "**Petition**") for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas, or such other court as the Company or an appropriate officer of the Company shall determine to be appropriate (the "**Bankruptcy Court**") and (ii) file, and seek confirmation of, a chapter 11 plan (the "**Plan**") in the form presented to and discussed with the Board;

WHEREAS, the Plan contemplates, among other things, that, subject to approval of the Bankruptcy Court, an auction may be conducted by the Bankruptcy Court in accordance with proposed bid procedures for the Purchased Assets (the "**Bid Procedures**") pursuant to which the Stalking Horse or another bidder that has submitted a qualified bid (in accordance with, and subject to the terms and conditions of, such bid procedures) may be selected as the successful bidder (the "**Successful Bidder**") to purchase the Purchased Assets (the sale of the Purchased Assets to the Successful Bidder, the "**Sale Transaction**"); and

WHEREAS, the Board has evaluated the Company's capital alternatives in connection with a possible restructuring and has determined that it is in the best interests of the Company, its creditors,

2c4a1b7096b2e5ce

employees and other interested parties that, the Company: (i) execute and deliver the Stalking Horse Purchase Agreement, (ii) file the Petition in the Bankruptcy Court (iii) seek Bankruptcy Court approval for the Bid Procedures  (iv) file, and seek confirmation of, the Plan,  (v) execute, deliver and/or file such other motions, pleadings and other documents related to the Petition, Plan, and Stalking Horse Purchase Agreement as may be necessary to obtain Bankruptcy Court approval of, and to consummate, the transactions contemplated thereby.

### Relating to Approval of the Stalking Horse Purchase Agreement

NOW, THEREFORE, BE IT RESOLVED, that the Board deems the Stalking Horse Purchase Agreement and the transactions contemplated therein advisable and in the best interests of the Company, its creditors, employees and other interested parties.

RESOLVED FURTHER, that the form, terms and provisions of the Stalking Horse Purchase Agreement, substantially in the form presented to and discussed with the Board, and the transactions contemplated therein are authorized, approved and adopted in all respects.

RESOLVED FURTHER, that each of the officers of the Company, including the Chairman, Louis E. Robichaux IV of Ankura Consulting Group, LLC ("Ankura"), as Chief Restructuring Officer of the Company, any president, any executive vice-president, any senior vice-president, any vice-president, any manager, any secretary, any assistant secretary, and any treasurer (each, a "**Designated Officer**") is authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver the Stalking Horse Purchase Agreement.

RESOLVED FURTHER, that each of the Designated Officers is authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver each of the documents entered into pursuant to or in connection with the Stalking Horse Purchase Agreement and the transactions contemplated therein, in such form as such Designated Officers may approve.

### Relating to the Petition and the Bid Procedures

RESOLVED FURTHER, that the Company is hereby authorized to file the Petition for relief under the Bankruptcy Code, in the Bankruptcy Court, and perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to affect any of the foregoing.

RESOLVED FURTHER, that each of the Designated Officers, is hereby authorized, directed and empowered on behalf of, and in the name of the Company to: (a) execute, acknowledge, deliver, and verify the Petition and all other ancillary documents, and cause the Petition to be filed with the Bankruptcy Court and make or cause to be made before execution thereof any modifications to the Petition or ancillary documents as any such Designated Officer, in such officer's discretion, deems necessary or desirable to carry out the intent and accomplish the purpose of these resolutions (such approval to be conclusively established by the execution thereof by such Designated Officer); (b) execute, acknowledge, deliver, verify and file or cause to be filed all petitions, schedules, statements, lists, motions, applications, and other papers or documents necessary or desirable in connection with the foregoing; (c) execute, acknowledge, deliver, and verify any and all other documents necessary or appropriate in connection therewith or to administer the Company's chapter 11 case in such forum or forums as any such Designated

2

Officer may approve; and (d) take any action consistent with these resolutions, including the filing of applications or motions in connection with the retention of professionals and the incurrence of debt.

RESOLVED FURTHER, that each of the Designated Officers is hereby authorized, directed and empowered to retain, on behalf of the Company, Thompson & Knight LLP, Ankura, Larx Advisors, Inc., Cushman & Wakefield U.S., Inc., Epiq Corporate Restructuring, LLC (collectively, the "Professionals") and such other professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, noticing agents, or brokers, in the case as in such Designated Officer's or Designated Officers' judgment may be necessary in connection with the Company's chapter 11 case and other related matters, on such terms as such officer or officers shall approve.

RESOLVED FURTHER, that, with respect to the Professionals, the Designated Officers are hereby authorized and directed to (a) execute retention agreements or extensions thereto and pay retainers in connection with the filing of the Company's chapter 11 case, (b) continue to periodically replenish, as required, the retainers previously paid by the Company to the Professionals on account of the services rendered or to be rendered by them, and (c) cause to be filed applications for authority to retain the Professionals.

RESOLVED FURTHER, that the Designated Officers are authorized and directed to employ any other firms as professionals or consultants to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code and, in connection therewith, the Designated Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers in connection with the Company's chapter 11 case and cause to be filed an appropriate application for authority to retain the services of such firms.

RESOLVED FURTHER, that the law firm Thompson & Knight LLP and any additional special counsel selected by a Designated Officer, if any, are hereby authorized, empowered and directed to represent the Company, as debtor and debtor-in-possession, in connection with any chapter 11 case commenced by or against it under the Bankruptcy Code.

RESOLVED FURTHER, that the Company, as debtor, and debtor-in-possession under chapter 11 of the Bankruptcy Code, is hereby authorized to (a) execute, deliver and perform into that certain $2,000,000 Senior Secured Super-Priority Debtor-in-Possession Note Purchase and Security Agreement by and among the Company, Invesco Yield Municipal Fund and Amondi Pioneer Asset Management (the "**DIP Loan Agreement**") together with any DIP Loan Documents (as defined in the DIP Loan Agreement) to which the Company is a party and agreements regarding the use of cash collateral and any associated documents, or otherwise obtain Bankruptcy Court authority to use cash collateral, and consummate the transactions contemplated therein or thereby, including the granting of a security interest in all or substantially all assets of the Company (collectively, the "**Financing Transactions**") on such terms as may be approved by any one or more of the Designated Officers, as may be reasonably necessary for the continuing conduct of the affairs of the Company; and (b) pay related fees and grant security interests in and liens upon some, all or substantially all of the Company's assets, as may be necessary in connection with the Financing Transactions.

RESOLVED FURTHER, that (a) each of the Designated Officers is hereby authorized, directed, and empowered in the name of, and on behalf of the Company, as debtor and debtor-in-possession, to take

such actions and execute, acknowledge, deliver, and verify such agreements, certificates, instruments, guarantees, notices and any and all documents as the Designated Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "**Financing Documents**"); (b) the Financing Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or appropriate by the Designated Officers are hereby approved; and (c) the actions of any Designated Officer taken pursuant to this resolution, including the execution and delivery of all agreements, certificates, instruments, guarantees, notices and other documents, shall be conclusive evidence of the approval thereof by such officer, and by the Company.

RESOLVED FURTHER, that each of the Designated Officers be, and each of them individually and acting singly hereby is, authorized, in the name and on behalf of the Company, to assign, transfer, pledge and grant to the Purchasers (as defined in the DIP Loan Agreement), a security interest in all or substantially all the assets of the Company, as collateral security for the payment and performance when due of the Obligations (as defined in the DIP Loan Agreement) under the Financing Documents and to take or cause to be taken any such actions as may be necessary, appropriate or desirable to cause the Company to create, perfect and maintain a security interest in the Company's property or assets constituting Collateral (as defined in the DIP Loan Agreement) as described or contemplated in the Financing Documents.

RESOLVED FURTHER, that (a) each of the Designated Officers is hereby authorized, directed, and empowered in the name of, and on behalf of the Company, as debtor and debtor-in-possession, to file and seek Bankruptcy Court approval of the Bid Procedures.

RESOLVED FURTHER, that, in addition to the specific authorizations heretofore conferred upon the Designated Officers, each of the Designated Officers and their designee is hereby authorized, directed and empowered, in the name of, and on behalf of, the Company to take or cause to be taken any and all such further actions to execute, acknowledge, deliver, and verify any and all such agreements, certificates, instruments, amendments, and other documents and to pay all expenses, including filing fees in the case, as in such Designated Officer's or Designated Officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purpose of the resolutions adopted herein.

### *Relating to Filing the Plan*

RESOLVED FURTHER, that the terms and provisions of the Plan, substantially in the form presented to and discussed with the Board, the performance of the Company's obligations thereunder and the Sale Transaction are both, subject Bankruptcy Court approval, authorized and approved.

RESOLVED FURTHER, that each of the Designated Officers is authorized, empowered and directed, in the name and on behalf of the Company, to execute and file the Plan and seek Bankruptcy Court approval thereof.

RESOLVED FURTHER, that each of the Designated Officers is authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver each of the documents entered into pursuant to or in connection with the Plan and the Sale Transaction, in such form as such Designated Officers may approve.

4

*Relating to Further Authorization and Ratification*

RESOLVED FURTHER, that the Designated Officers of the Company are hereby authorized and empowered to take or cause to be taken all such action and to sign, execute, acknowledge, certify, deliver, accept, record and file all such certificates, agreements, acknowledgements, instruments, contracts, statements and other documents and to take such further actions in the name and on behalf of the Company as in such Designated Officer's judgment shall be necessary, desirable or advisable in order to carry out the intent, and to accomplish the purposes, of the foregoing resolutions.

RESOLVED FURTHER, that each of the Designated Officers is authorized, empowered and directed, in the name and on behalf of the Company, to make such modifications to, additions to, deletions from or changes to the above referenced documents and documents related to the above referenced transactions (the "**Documents**") as such Designated Officer may deem necessary, advisable or appropriate and in the best interests of the Company, the execution and delivery of the Documents by such Designated Officer to evidence conclusively the authorization and approval by the Board of the Documents with such changes.

RESOLVED FURTHER, that all lawful actions heretofore taken by the Designated Officers of the Company with respect to the matters covered by the foregoing resolutions are hereby ratified, confirmed and approved in all respects.

RESOLVED FURTHER, that the secretary and any assistant secretary of the Company, are hereby authorized to certify and deliver, to any person to whom such certification and delivery may be necessary or appropriate in the opinion of such secretary or assistant secretary, a true copy of the foregoing resolutions.

[Signature pages to follow]

5

525296.000003 21550620.4

IN WITNESS WHEREOF, the undersigned have executed this instrument in one or more counterparts, each of which shall constitute an original, on the date or dates set forth below.

| | |
|---|---|
| _2/7/19_ | _Scott T. Collier_ (signature) |
| Date | Scott T. Collier |
| | |
| _____ | _____ |
| Date | Richard S. Schmidt |
| | |
| _____ | _____ |
| Date | Dr. Jan van Sant |
| | |
| _2-7-19_ | _Nancy L. Small_ (signature) |
| Date | Nancy L. Small |

IN WITNESS WHEREOF, the undersigned have executed this instrument in one or more counterparts, each of which shall constitute an original, on the date or dates set forth below.

| | |
|---|---|
| _2/7/19_<br>Date | _Scott T. Collier_<br>Scott T. Collier |
| _____<br>Date | _____<br>Richard S. Schmidt |
| _2/7/19_<br>Date | _Dr. Jan van Sant_<br>Dr. Jan van Sant |
| _____<br>Date | _____<br>Nancy L. Small |

Mirador Board Resolutions

IN WITNESS WHEREOF, the undersigned have executed this instrument in one or more counterparts, each of which shall constitute an original, on the date or dates set forth below.

| | |
|---|---|
| _2/7/19_ | _Scott T. Collier_ |
| Date | Scott T. Collier |
| _2/8/19_ | _Richard S. Schmidt_ |
| Date | Richard S. Schmidt |
| | |
| Date | Dr. Jan van Sant |
| | |
| Date | Nancy L. Small |

Mirador Board Resolutions

**Annex B**

**SQLC Resolutions**

## RESOLUTION OF BOARD OF DIRECTORS OF
## SENIOR QUALITY LIFESTYLES CORPORATION CONSENTING TO THE FILING OF A BANKRUPTCY PETITION BY & SALE OF SUBSTANTIALLY ALL OF SQLC SENIOR LIVING CENTER AT CORPUS CHRISTI, INC., A TEXAS NONPROFIT CORPORATION

I, David Gobble, the duly elected, qualified and acting Secretary of the Board of Directors (the "Board") of **SENIOR QUALITY LIFESTYLES CORPORATION**, a Texas not-for-profit corporation ("SQLC"), do hereby certify that at a meeting of the Board held on February 8, 2019, at which a quorum was present, the notice requirement for the calling and holding of a special meeting of the Board was waived and the following resolution was presented and adopted by a unanimous vote, pursuant to the Texas Business Organizations Code and the Amended and Restated Bylaws of SQLC, to wit:

**WHEREAS,** SQLC is the sole member of SQLC Senior Living Center at Corpus Christi, Inc., a Texas nonprofit corporation ("Mirador");

**WHEREAS,** the Board has considered the current and prospective financial and operational aspects of Mirador's business, including Mirador's historical performance, assets, current and long-term liabilities and the market for Mirador's services;

**WHEREAS,** the Board has received, reviewed and considered the recommendations of the senior management of Mirador, as well as Mirador's legal and financial advisors, as to the relative risks and benefits of pursuing a bankruptcy case under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court");

**WHEREAS,** the Board has determined that it is desirable, fair, reasonable, and in the best interests of Mirador and its creditors, residents and other interested parties for Mirador to file a voluntary petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code and to sell substantially all of Mirador's assets; and

**WHEREAS,** the Board has determined that it is desirable, fair, reasonable, and in the best interests of Mirador and its creditors, residents and other interested parties for SQLC and its related affiliates, including but not limited to SQLC LSA and Seniority, Inc. ("Seniority"), to waive all of its claims against Mirador;

**NOW, THEREFORE, IT IS HEREBY:**

**RESOLVED,** that, in the judgment of the Board, it is advisable and in the best interests of Mirador, its creditors, its residents and other interested parties that a voluntary petition be filed by Mirador in the Bankruptcy Court; and it is further

**RESOLVED,** that, in the judgment of the Board, it is advisable and in the best interests of Mirador, its creditors, its residents and other interested parties that substantially of Mirador's assets be sold through a chapter 11 process; and it is further

1

**RESOLVED,** that, in the judgment of the Board, it is advisable and in the best interests of Mirador, its creditors, its residents and other interested parties that SQLC, SQLC LSA and Seniority waive its current debts and obligations against Mirador in order to avoid any actual or perceived conflicts of interest for Mirador's advisors and affiliates.

**RESOLVED**, that Louis E. Robichaux IV of Ankura Consulting Group, LLC, as Chief Restructuring Officer of Mirador, and such other officer(s) that Mirador shall from time to time designate (each, an "Authorized Officer" and collectively. the "Authorized Officers"), are hereby authorized and instructed to cause preparation of a voluntary petition for relief under chapter 11 of the Bankruptcy Code on behalf of Mirador; and it is further

**RESOLVED,** that, upon preparation, such Authorized Officers are hereby authorized, on behalf of and in the name of Mirador, to cause such a voluntary petition to be executed, and verified in such form as such Authorized Officers, with advice of counsel, deem appropriate and that upon such execution, such Authorized Officers, with advice of counsel, are hereby authorized to cause such a petition to be filed with the Bankruptcy Court to commence a case under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case"); and it is further

**RESOLVED,** the Authorized Officers are hereby authorized and instructed to make such arrangements as they deem necessary or proper for Mirador to sell substantially all of Mirador's assets and to take such additional action and execute and deliver such other agreements, instruments or documents proposed to be executed and delivered by or on behalf of Mirador pursuant thereto or in connection therewith, all with such changes therein and additions thereto as the Authorized Officers, in their sole discretion, may deem necessary or proper in connection with such further borrowings; and it is further;

**RESOLVED,** that the Authorized Officers are hereby authorized and instructed to make such arrangements as they deem necessary or proper for Mirador to use existing cash collateral or to borrow additional funds, either as a debtor in possession under chapter 11 of the Bankruptcy Code or otherwise, and that such Authorized Officers are hereby authorized and instructed, on behalf of and in the name of Mirador, to negotiate and agree with potential lenders as to the terms and amounts of any such cash collateral use or further borrowings and to grant such security interests in, or liens on the assets of Mirador and to execute and deliver appropriate agreements for such use of postpetition financing in connection with the Bankruptcy Case, including the granting of liens to any such lender(s) to such agreement(s), and to take such additional action and execute and deliver such other agreements, instruments or documents proposed to be executed and delivered by or on behalf of Mirador pursuant thereto or in connection therewith, all with such changes therein and additions thereto as the Authorized Officers, in their sole discretion, may deem necessary or proper in connection with such further borrowings; and it is further

**RESOLVED,** that the Authorized Officers, on terms consistent with those presented to the Board, are authorized to execute and file (or direct others to do so on behalf of Mirador) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, financial advisors, investment bankers, accountants or other professionals and to take any and all action that they deem necessary and proper in connection with the Bankruptcy Case; and it is further

2

**RESOLVED,** that the Authorized Officers are authorized and directed, in the name of and on behalf of Mirador, under Mirador's corporate seal or otherwise, to make, enter into, execute, deliver and file any and all other or further agreements, documents, certificates, materials and instruments, to disburse funds of Mirador, to take or cause to be taken any and all other actions, and to incur all such fees and expenses as any such Authorized Officer deems to be necessary, appropriate or advisable to carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder and/or to successfully complete the Bankruptcy Case, the taking of any such action or execution of any such documents and/or agreements to constitute conclusive evidence and the exercise of such discretionary authority; and it is further

**RESOLVED,** that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief under chapter 11 of the Bankruptcy Code or in connection with the Bankruptcy Case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects.

*[signature page follows]*

I do further certify that the foregoing is a full, true and correct copy of the Resolution as it appears in the records of SQLC; that such Resolution has not been altered, amended or repealed and is now in full force and effect; and that I am duly authorized to make this Certificate.

**SENIOR QUALITY LIFESTYLES**
**CORPORATION**

By: _____

Name:  David Gobble

Title:    Secretary

4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 19-_____** |
| **SQLC SENIOR LIVING CENTER** | § | |
| **AT CORPUS CHRISTI, INC. d/b/a** | § | **CHAPTER 11** |
| **MIRADOR** | § | |
| | § | |
| **Debtor.** | § | |

## LIST OF CREDITORS WHO HAVE THE
## 20 LARGEST UNSECURED CLAIMS AND ARE NOT INSIDERS

The above-captioned debtor (the "Debtor") hereby certifies that the *List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* submitted herewith contains a list of the Debtor's top 20 unsecured creditors (the "Top 20 List"). In compliance with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Debtor has redacted the names and contact information for anyone listed in the Top 20 List who is or was a resident of the Debtor. The Top 20 List has been prepared from the Debtor's unaudited books and records as of the Petition Date. The Top 20 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtor's chapter 11 case. The Top 20 List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31); or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. The information presented in the Top 20 List shall not constitute an admission by, nor is it binding on, the Debtor. Moreover, nothing herein shall affect the Debtor's right to challenge the amount or characterization of any claim at a later date. The failure of the Debtor to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtor's right to contest the validity, priority, and/or amount of any such claim.

Fill in this information to identify the case:

**Debtor name:** SQLC Senior Living Center at Corpus Christi DBA Mirador

**United States Bankruptcy Court for the:** Southern District of Texas

**Case number (if known):** 19-_____

☐ Check if this is an
amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. **Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 Largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Resident #148 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑ C ☑ U ☐ D | | | $507,405.70 |
| 2 | Resident #244 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑ C ☑ U ☐ D | | | $459,800.00 |
| 3 | Resident #1093 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑ C ☑ U ☐ D | | | $343,710.00 |
| 4 | Resident #1367 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑ C ☑ U ☐ D | | | $330,904.00 |
| 5 | Resident #1415 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑ C ☑ U ☐ D | | | $328,779.00 |
| 6 | Resident #1067 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑ C ☑ U ☐ D | | | $328,779.00 |
| 7 | Resident #1000 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑ C ☑ U ☐ D | | | $320,283.90 |
| 8 | Resident #189 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑ C ☑ U ☐ D | | | $310,596.30 |

Debtor   **SQLC Senior Living Center at Corpus Christi DBA Mirador**          Case number *(if known)* **19-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 9 | Resident #1300 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑C ☑U ☐D | | | $305,900.00 |
| 10 | Resident #851 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑C ☑U ☐D | | | $296,244.00 |
| 11 | Resident #780 ddress Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑C ☑U ☐D | | | $294,020.10 |
| 12 | Resident #665 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑C ☑U ☐D | | | $292,410.00 |
| 13 | Resident #1331 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑C ☑U ☐D | | | $289,900.00 |
| 14 | Resident #935 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑C ☑U ☐D | | | $289,900.00 |
| 15 | Resident #1064 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑C ☑U ☐D | | | $289,900.00 |
| 16 | Resident #985 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑C ☑U ☐D | | | $289,900.00 |
| 17 | Resident #916 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑C ☑U ☐D | | | $289,900.00 |
| 18 | Resident #991 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑C ☑U ☐D | | | $289,900.00 |
| 19 | Resident #116 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑C ☑U ☐D | | | $289,900.00 |
| 20 | Resident #1314 Address Intentionally Omitted | Tel: Intentionally Omitted | Contingent Resident Refund | ☑C ☑U ☐D | | | $289,900.00 |

**Fill in this information to identify the case:**

Debtor name    **SQLC Senior Living Center at Corpus Christi, Inc. d/b/a Mirador**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   February 8, 2019      X _____
                                            Signature of individual signing on behalf of debtor

                                           **Louis E. Robichaux IV**
                                           Printed name

                                           **Chief Restructuring Officer**
                                           Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 19-_____** |
| **SQLC SENIOR LIVING CENTER** | § | |
| **AT CORPUS CHRISTI, INC. d/b/a** | § | **CHAPTER 11** |
| **MIRADOR** | § | |
| | § | |
| Debtor. | § | |

### CORPORATE OWNERSHIP STATEMENT (RULE 1007(a)(l))

Pursuant to Rules 1007(a)(l) and 7007.1 of the Federal Rules of Bankruptcy Procedure, SQLC Senior Living Center at Corpus Christi, Inc. d/b/a Mirador, a Texas not-for-profit corporation, as the above-captioned debtor (the "Debtor"), hereby certifies that Senior Quality Lifestyles Corporation holds a 100% membership interest in the Debtor.

The undersigned, the Chief Restructuring Officer of the Debtor, hereby declares under penalty of perjury that the information contained herein is true and correct to the best of his knowledge, information and belief, as of February 8, 2019.

Executed this 8th day of February, 2019

_____
By:     Louis E. Robichaux IV
Name: Louis E. Robichaux IV
Title:   Chief Restructuring Officer

---

**Fill in this information to identify the case:**

Debtor name    **SQLC Senior Living Center at Corpus Christi, Inc. d/b/a Mirador**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF TEXAS

Case number (if known) _____

☐ Check if this is an amended filing

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration    **Corporate Ownership Statement (Rule 1007(a)(1))**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   February 8, 2019     _X_____
Signature of individual signing on behalf of debtor

**Louis E. Robichaux IV**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 19-_____ |
| **SQLC SENIOR LIVING CENTER** | § | |
| **AT CORPUS CHRISTI, INC. d/b/a** | § | CHAPTER 11 |
| **MIRADOR** | § | |
| | § | |
| Debtor. | § | |

## LIST OF EQUITY SECURITY HOLDERS (RULE 1007(a)(3))

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, SQLC Senior Living Center at Corpus Christi, Inc. d/b/a Mirador, a Texas not-for-profit corporation, as the above-captioned debtor (the "Debtor"), hereby states that Senior Quality Lifestyles Corporation is its sole member.

The undersigned, the Chief Restructuring Officer of the Debtor, hereby declares under penalty of perjury that the information contained herein is true and correct to the best of his knowledge, information and belief, as of February 8, 2019.

Executed this 8th day of February, 2019

_____
By:     Louis E. Robichaux IV
Name: Louis E. Robichaux IV
Title:   Chief Restructuring Officer

**Fill in this information to identify the case:**

Debtor name    **SQLC Senior Living Center at Corpus Christi, Inc. d/b/a Mirador**

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF TEXAS

Case number (if known)    _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■   Other document that requires a declaration    **List of Equity Security Security Holders (Rule 1007(a)(3))**

I declare under penalty of perjury that the foregoing is true and correct.

Executed On    February 8, 2019       _Signature_

Signature of individual signing on behalf of debtor

**Louis E. Robichaux IV**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 19-_____ |
| SQLC SENIOR LIVING CENTER | § | |
| AT CORPUS CHRISTI, INC. d/b/a | § | CHAPTER 11 |
| MIRADOR | § | |
| | § | |
| Debtor. | § | |

### DECLARATION FOR ELECTRONIC FILING OF
### BANKRUPTCY PETITION AND MASTER MAILING LIST (MATRIX)

**PART I:  DECLARATION OF PETITIONER:**

As an individual debtor in this case, or as the individual authorized to act on behalf of the corporation, partnership, or limited liability company seeking bankruptcy relief in this case, I hereby request relief as, or on behalf of, the debtor in accordance with the chapter of title 11, United States Code, specified in the petition to be filed electronically in this case.  I have read the information provided in the petition and in the lists of creditors to be filed electronically in this case and ***I hereby declare under penalty of perjury*** that the information provided therein, as well as the social security information disclosed in this document, is true and correct.  I understand that this Declaration is to be filed with the Bankruptcy Court within seven (7) business days after the petition and lists of creditors have been filed electronically. I understand that a failure to file the signed original of this Declaration will result in the dismissal of my case.

☐  *[Only include for Chapter 7 individual petitioners whose debts are primarily consumer debts]* - I am an individual whose debts are primarily consumer debts and who has chosen to file under chapter 7.  I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each chapter, and choose to proceed under chapter 7.

☒  *[Only include if petitioner is a corporation, partnership or limited liability company]* – I hereby further declare under penalty of perjury that I have been authorized to file the petition and lists of creditors on behalf of the debtor in this case.

Date:  __February 8, 2019__    _____    _____
                                               Debtor                                    Joint Debtor

**PART II:  DECLARATION OF ATTORNEY:**

I declare ***under penalty of perjury*** that:  (1) I will give the debtor(s) a copy of all documents referenced by Part I herein which are filed with the United States Bankruptcy Court; and (2) I have informed the debtor(s), if an individual with primarily consumer debts, that he or she may proceed

under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

Date: February 8, 2019                              */s/ Demetra L. Liggins*
                                                     Attorney for the Debtor